Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LARRY AND DORINDA LAUER,<br><br>Plaintiffs,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br><br>Defendant. | **COMPLAINT**<br><br>Case No: 2:13-cv-00306-TC<br><br>**JURY TRIAL DEMANDED** |

### I.  INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

### II.  JURISDICTION

2. Plaintiffs' claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

### II.  PARTIES

3. Plaintiffs, Larry and Dorinda Lauer ("Plaintiffs"), are natural persons residing in

1

Weber County, Utah.

4. Defendant, Zwicker & Associates, P.C., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiffs. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs (§ 1692d(6)).

10. Causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs (§ 1692d(5)).

11. Falsely representing the character, amount, or legal status of Plaintiffs' debt, including sending Plaintiffs a letter about a debt Plaintiffs do not owe (§ 1692e(2)(A));

12. Where Defendant had not yet made an attempt to contact Plaintiffs' counsel or had not given Plaintiffs' counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs' counsel, and where Plaintiffs' counsel had not given Defendant permission to contact either Plaintiff directly, communicating with Plaintiffs directly after learning that

Plaintiffs were being represented by counsel (§ 1692c(a)(2)).

13. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to report the debt to Plaintiff Dorinda Lauer's credit report in a telephone call prior to the expiration of the thirty-day statutory dispute period (§ 1692g(b)).

14. As a result of the aforementioned violations, Plaintiffs suffered and continue to suffer injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiffs reincorporate by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendant for violations of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs each respectfully pray that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 U.S.C. § 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**<u>PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY</u>**

Dated this 1st day of May, 2013.

**TRIGSTED LAW GROUP, P.C.**

____s/Joshua Trigsted_____
Joshua Trigsted
*Attorney for the Plaintiff*